**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRYAN KANE PAXTON, a/k/a Bryan
Karl Paxton, a/k/a Bryon Kane Paxton,

Defendant - Appellant.

No. 04-1427

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 03-CR-583-D)**

---

Edward R. Harris, Assistant Federal Public Defender (Raymond P. Moore,
Federal Public Defender, with him on the brief), Denver, Colorado, for the
Defendant - Appellant.

Jerry N. Jones, Assistant United States Attorney (Gregory A. Holloway and
John M. Hutchins, Assistant United States Attorneys, and William J. Leone,
Acting United States Attorney, on the brief), Denver, Colorado, for the Plaintiff -
Appellee.

---

Before **TACHA,** Chief Circuit Judge, **McWILLIAMS** , and **HARTZ** , Circuit
Judges.

---

**HARTZ** , Circuit Judge.

---

Defendant Bryan Kane Paxton pleaded guilty to one count of violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. The Presentence Report (PSR) concluded that Mr. Paxton's prior Colorado third-degree-assault conviction was a crime of violence and recommended a base offense level of 20. *See* United States Sentencing Guidelines (USSG) §§ 2K2.1(a)(4)(A) (guideline for unlawful possession of firearms); 4B1.2(a) (defining crime of violence). After deducting three levels for acceptance of responsibility, *see* USSG § 3E1.1, Mr. Paxton's total offense level of 17 and criminal history category VI yielded a sentencing range of 51 to 63 months. The PSR recommended and the government requested a sentence at or near the maximum.

The district court ruled that the Colorado third-degree-assault conviction was a crime of violence. It denied Mr. Paxton's motion for downward departure and request for sentencing at the guidelines minimum and sentenced him to 60 months' imprisonment, three months short of the maximum.

Mr. Paxton appeals. He argues that third-degree assault under Colorado law is not a *crime of violence* as defined by USSG § 4B1.2(a), and that he is entitled to resentencing under *United States v. Booker*, 125 S.Ct. 738 (2005). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

## I.   DISCUSSION

### A.   Crime of Violence

"Whether a statute defines a 'crime of violence' for the purposes of U.S.S.G. § 4B1.2 is a question of statutory construction, which we review de novo." *United States v. Vigil*, 334 F.3d 1215, 1218 (10th Cir. 2003). "In determining whether a prior offense qualifies as a crime of violence, we are limited to examining the statutory elements of the crime, but if ambiguity exists under the statute we can look beyond the statute . . . ." *United States v. Zamora*, 222 F.3d 756, 764 (10th Cir. 2000) (internal citations and quotation marks omitted). The Supreme Court recently clarified the types of documents the court may consult, limiting them to "the terms of the charging document, the terms of a plea agreement or transcript of a colloquy between the judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 125 S.Ct. 1254, 1263 (2005). *See United States v. Moore*, No. 04-8091, slip op. at 4-5 (D. Colo. Aug. 30, 2005), 2005 WL 2083039, at *1 (applying *Shepard* standard to USSG § 4B1.2).

The applicable sentencing guideline calls for a base offense level of 20 if the felon in possession of a firearm has at least one prior felony conviction for a crime of violence. USSG § 2K2.1(a)(4). Application Note 1 for § 2K2.1 refers to

§ 4B1.2 and its accompanying commentary to define *crime of violence*. Under

§ 4B1.2

> (a)   The term "crime of violence" means any offense under federal
>       or state law, punishable by imprisonment for a term exceeding
>       one year, that —
>       (1)   has as an element the use, attempted use, or threatened
>             use of physical force against the person of another, or
>       (2)   is a burglary of a dwelling, arson, or extortion, involves use of
>             explosive, *or otherwise involves conduct that presents a
>             serious potential risk of physical injury to another*.

(emphasis added). The official commentary provides a list of offenses included in

the definition of *crime of violence* and continues by noting that an unlisted

offense is a "crime[] of violence"

> if (A) that offense has as an element the use, attempted use, or
> threatened use of physical force against the person of another, or (B)
> the conduct set forth (i.e., expressly charged) in the count of which
> the defendant was convicted involved use of explosives (including
> any explosive material or destructive device) *or, by its nature,
> presented a serious potential risk of physical injury to another*.

USSG § 4B1.2 cmt. n. 1 (emphasis added).

It is undisputed that Mr. Paxton was convicted of third-degree assault under

Colorado law. The statute of conviction states in relevant part:

> A person commits the crime of assault in the third degree if the
> person knowingly or recklessly causes bodily injury to another person
> or with criminal negligence the person causes bodily injury to
> another person by means of a deadly weapon.

Colo. Rev. Stat. § 18-3-204. *Bodily injury* is defined for the Colorado Criminal

Code as "physical pain, illness, or any impairment of physical or mental

condition." Colo. Rev. Stat. § 18-1-901. According to the Colorado Supreme Court, the statutory definition of bodily injury encompasses any nontrifling injury that involves "at least some physical pain, illness or physical or mental impairment, however slight . . ." *Colorado v. Hines*, 572 P.2d 467, 470 (Colo. 1978) (en banc).

We recently held that a Colorado third-degree-assault conviction was not a crime of violence under USSG § 2L1.2. *United States v. Perez-Vargas*, 414 F.3d 1282, 1285-87 (10th Cir. 2005). Section 2L1.2 defines *crime of violence* to include any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG §§ 2L1.2 cmt n. 1(B)(iii). This is identical to the language in § 4B1.2(a)(1). Thus, *Perez-Vargas* controls with respect to that component of the definition of *crime of violence* in § 4B1.2.

But the definition of *crime of violence* in § 4B1.2 has a second component not included in the definition in § 2L1.2. A prior conviction is also a crime of violence if it "involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2). The inquiry under this prong is the likelihood that the conduct necessary for conviction under the statute may cause physical harm to another.

> The statute speaks in terms of probability—a "risk"—not certainty. Risk is by definition probable not certain; hence potential rather than

actual.  Thus, physical injury need not be a certainty for a crime to pose a serious *risk* of physical injury.  Accordingly, the possibility that a crime may be completed without injury is irrelevant to the determination of whether it constitutes a crime of violence within the meaning of § 4B1.2.

*United States v. Vigil*, 334 F.3d 1215, 1223 (10th Cir. 2003) (internal citations and quotation marks omitted).

Applying the risk-of-injury analysis, we have concluded that a number of offenses lacking the use of physical force as an element are nonetheless crimes of violence because of an inherent risk of physical injury.  *See United States v. Rowland*, 357 F.3d 1193, 1197 (10th Cir. 2004) (sexual battery) ("Because the statute at issue here presupposes a lack of consent, it necessarily carries with it a risk of physical force."); *Vigil*, 334 F.3d at 1220-1221 (aggravated incest regardless of factual consent); *United States v. Dwyer*, 245 F.3d 1168, 1170-72 (10th Cir. 2001) (possession of an unregistered firearm); *Zamora*, 222 F.3d at 765 (false imprisonment); *United States v. Gosling*, 39 F.3d 1140 (10th Cir. 1994) (escape); *United States v. Phelps*, 17 F.3d 1334, 1342 (10th Cir. 1994) (kidnapping).

Mr. Paxton argues that his conviction is not a crime of violence under § 4B1.2(a)(2) because Colorado's definition of bodily injury "includes . . . impairment of mental as well as physical condition."  Aplt. Reply Br. at 16-17. He refers us to an unpublished opinion of the disciplinary judge of the Colorado

Supreme Court which states that the attorney facing discipline had pleaded guilty to third-degree assault "for making threatening statements to a neighbor upon learning the neighbor reported a domestic violence occurrence between [the attorney] and her boyfriend." *People v. Bartlett*, 2004 WL 1386229 (Colo. O.P.D.J. June 7, 2004). He argues that *Bartlett* "illustrate[s] that verbal conduct alone is sufficient to sustain a conviction for third degree assault." Aplt. Reply Br. at 6.

Nothing in the record informs us whether the bodily injury in Mr. Paxton's prior offense was physical or mental. But even granting Mr. Paxton's point that verbal conduct is sufficient to constitute third-degree assault, the operative question under § 4B1.2(a)(2) is whether the proscribed conduct creates a serious potential risk of physical injury to another. We think it does, especially in light of the Colorado courts' construction of the third-degree-assault statute to exclude constitutionally protected speech and limit it to threatening communications that cause more than "trifling injuries or minor effect[s], such as fright or shock." *People v. Goldfuss*, 98 P.3d 935, 939 (Colo. App. 2004) (internal quotation marks omitted) (alteration in original). The sort of verbal conduct referred to in *Bartlett*—threatening statements—is hardly innocuous. On the contrary, the typical report of a *physical* battery, or even manslaughter, begins with just such offensive statements by the perpetrator or the victim. Causing *mental* injury

-7-

creates a serious potential risk of *physical* injury because it is likely to incite an exchange that culminates in physical violence.

We hold that a conviction under Colo. Rev. Stat. § 18-3-204 for third-degree assault is a crime of violence under USSG § 4B1.2(a)(2) because the conduct necessary to sustain the conviction presents a serious potential risk of physical injury to another.

**B.** ***Booker* Issue**

*Booker* "held that mandatory application of the Guidelines violates the Sixth Amendment when judge-found facts, other than those of prior convictions, are employed to enhance a sentence." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005) (en banc). To remedy the constitutional defect, the Supreme Court severed the statutory provisions making the guidelines mandatory, although courts are still required to consider the guidelines when determining sentences. *Id.* The unique combination of the constitutional error and the remedy to correct it created two possible types of *Booker* error: constitutional error occurs when judge-found facts are used to enhance mandatorily a defendant's sentence and nonconstitutional error occurs whenever the guidelines are applied in a mandatory fashion. *Id.* at 731-32.

The parties agree that Mr. Paxton alleges only nonconstitutional *Booker* error and that such error occurred. They also agree that the claim was properly

preserved, so we review for harmless error. *See United States v. Serrano-Dominguez*, 406 F.3d 1221, 1222 (10th Cir. 2005). Under harmless-error review, errors that do not "affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). "An error with respect to sentencing does not affect substantial rights when it did not affect the sentence imposed by the district court." *United States v. Ollson*, 413 F.3d 1119, 1120 (10th Cir. 2005). When "the district court had undoubted discretion to reduce the sentence below what it imposed," its decision not to exercise discretion and impose a lower sentence renders any nonconstitutional *Booker* error harmless. *Id.* at 1121. *See also United States v. Riccardi*, 405 F.3d 852, 876 (10th Cir. 2005) (constitutional *Booker* error harmless when district court exercised discretion and imposed a sentence near the guidelines maximum).

The guidelines sentencing range for Mr. Paxton was 51 to 63 months. The district court, in accordance with the PSR's recommendation and the government's request, imposed a sentence of 60 months. Thus, the district court exercised discretion by imposing a sentence near the guidelines maximum when it could have imposed the minimum. We have no reason to think that the district court would impose a different sentence on remand. This case is thus indistinguishable from *Ollson* and *Riccardi*. Although the district court committed nonconstitutional *Booker* error, the error was harmless.

## II.    CONCLUSION

For the forgoing reasons, Mr. Paxton's sentence is AFFIRMED.