**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LONNIE LEE TUNCAP,

Defendant - Appellant.

No. 05-1047

(D. Colorado)

(D.C. No. 04-CR-121-WM)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Defendant Lonnie Lee Tuncap pleaded guilty to unlawful possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1). The Presentence Report (PSR) recommended a base offense level of 24, *see* United States Sentencing Guidelines (USSG) § 2K2.1(a)(2), because it concluded that Mr. Tuncap's two prior Colorado convictions for third-degree assault were crimes of violence, *see*

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

USSG § 4B1.2. After the adjustment for acceptance of responsibility, *see* USSG § 3E1.1, Mr. Tuncap's total offense level of 21 and criminal history category V yielded a guidelines range of 70 to 87 months.

Mr. Tuncap filed a motion objecting to the PSR's recommendations on the grounds that the prior Colorado convictions for third-degree assault were not crimes of violence and that using the prior convictions to enhance his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). He also filed a motion for downward departure, arguing that using the two prior Colorado convictions to enhance his sentence took his case out of the heartland of § 2K2.1.

At the sentencing hearing the district court overruled Mr. Tuncap's objections and denied the motion for downward departure. The court, at the behest of both Mr. Tuncap and the government, and noting that it was "constrained by the law," sentenced Mr. Tuncap to the 70-month guidelines minimum. R. Vol. II at 13.

On January 12, 2005, five days after the January 7, 2005, sentencing hearing, the Supreme Court handed down *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005). That same day, Mr. Tuncap filed a motion to correct the sentence. *See* Fed. R. Crim. P. 35(a). He filed his notice of appeal on January 19, 2005. On April 1, 2005, the district court held a hearing on Mr. Tuncap's motion and concluded that it did not have jurisdiction because Fed. R. Crim. P. 35

allowed for correction of sentence only within seven days of sentencing, a period long past.

On appeal Mr. Tuncap argues that the district court erred when it found that his two prior Colorado convictions for third-degree assault were crimes of violence. He also asserts that his case must be remanded for resentencing because there was error under *Booker* and the error was not harmless. The government argues that the district court properly concluded that the Colorado convictions were crimes of violence, but it concedes that *United States v. Labistida-Segura*, 396 F.3d 1140 (10th Cir. 2005), requires Mr. Tuncap's case to be remanded for resentencing.

We agree that *Labistida* controls, and we REMAND to the district court for resentencing. The question whether third-degree assault is a crime of violence was resolved in *United States v. Paxton*, 04-1427 (10th Cir. Sept. 9, 2005).

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge