**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

OSCAR ORTUNO-CABALLERO

    Defendant-Appellant.

No. 05-2206

(D.C. No. CR-05-466-JP)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

ordered submitted without oral argument.

Defendant Oscar Ortuno-Caballero pled guilty to illegal reentry after deportation

subsequent to a felony, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(1), and was

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

sentenced to a term of imprisonment of 46 months. Defendant now appeals, challenging the reasonableness of his sentence. The United States asserts that the district court erred in computing defendant's sentencing guideline range, and that its error was plain error requiring our remand for resentencing. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and, for the reasons outlined below, we remand with directions to vacate defendant's sentence and resentence.

I.

On January 12, 2005, defendant was taken into custody by a United States Border Patrol agent in the State of New Mexico. Defendant admitted he was a citizen of Mexico and had entered the United States illegally. A subsequent records check revealed that defendant had previously been convicted in the State of Colorado for attempted first degree criminal trespass of a dwelling and, subsequent to that conviction, had been deported.

On January 14, 2005, a criminal complaint was filed against defendant in federal court charging him with illegal reentry. On March 21, 2005, defendant pled guilty to one count of illegal reentry after deportation subsequent to a felony conviction (i.e., his prior Colorado state conviction) in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2) and (b)(1). On June 16, 2005, the district court sentenced defendant to a term of imprisonment of 46 months. In doing so, the district court applied a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a), imposed a 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A) on the grounds that defendant's prior Colorado state conviction constituted a "crime of

violence," and then granted defendant a 3-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Together with defendant's criminal history category of III, this resulted in a Guideline range of 46-57 months. Although the district court rejected defendant's request to impose a sentence below the Guideline range, it ultimately imposed a sentence at the very bottom of the Guideline range.

II.

On appeal, defendant challenges the length of his sentence, arguing, in pertinent part, that the 16-level enhancement imposed by the district court under U.S.S.G. § 2L1.2(b)(1)(A) was unreasonable. The government, in response, concedes the district court erred in imposing the 16-level enhancement and asks that we remand for resentencing. For the reasons discussed below, we agree that defendant is entitled to be resentenced.

*Standard of review*

Generally speaking, "we are required," consistent with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), "to review district court sentencing decisions for 'reasonableness.'" United States v. Cage, — F.3d —, 2006 WL 1554674 at *5 (10th Cir. June 8, 2006). "Reasonableness has both procedural and substantive components." Id. (citing United States v. Kristl, 437 F.3d 1050, 1054-55 (10th Cir. 2006). "To be reasonable, a sentence must be 'reasoned,' or calculated utilizing a legitimate method." Id. "As such, sentences based on miscalculations of the Guidelines are considered unreasonable because 'the manner in which [they were]

determined was unreasonable.'" Id. (quoting Kristl, 437 F.3d at 1055).

Because, however, defendant did not challenge the district court's application of § 2L1.2(b)(1)(A) at the time of sentencing, we must review the district court's decision under a plain error standard.[1] See United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1222 (internal quotation marks omitted).

*Enhancement under § 2L1.2(b)(1)(A)*

Section 2L1.2(a) of the United States Sentencing Guidelines requires a sentencing court to impose a base offense level of 8 for any defendant convicted of illegally reentering the United States. If the defendant previously was deported after having been convicted of certain crimes, § 2L1.2(b)(1) requires a sentencing court to impose an enhancement of from 4 to 16 levels, depending upon the nature of the prior conviction(s). Here, the district court concluded that defendant's prior Colorado state conviction for attempted first degree criminal trespass of a dwelling qualified as a "crime of violence" under § 2L1.2(b)(1)(A), and thus warranted a 16-level enhancement to defendant's base

---

[1] The government does not assert that defendant waived this challenge, nor do we conclude that he did. See generally United States v. Olano, 507 U.S. 725, 733 ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right."). Rather, "[w]e conclude that [defendant]'s failure to object to the 16-level adjustment resulted from an oversight by defense counsel and was therefore accidental rather than deliberate." United States v. Jaimes-Jaimes, 406 F.3d 845, 848 (7th Cir. 2005).

offense level.

> The term "crime of violence," as used in § 2L1.2(b)(1)(A), is defined as:

> [A]ny of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt. n. 1(B)(iii) (2004).

In characterizing defendant's prior Colorado state conviction as a "crime of violence," the probation officer who prepared the presentence report, and in turn the district court, offered what appears to have been two alternative rationales.  First, they concluded that defendant's prior Colorado state conviction effectively constituted a "burglary," and thus fell within the list of crimes specifically enumerated in the above definition.  Second, and alternatively, they concluded that our decision in United States v. Venegas-Ornelas, 348 F.3d 1273 (10th Cir. 2003), supported treating defendant's prior Colorado state conviction as a "crime of violence."

We reject both of these rationales.  To begin with, nothing in the definitional language quoted above indicates, either expressly or implicitly, that a prior conviction for criminal trespass can reasonably be treated as a "burglary" for purposes of applying the "crime of violence" enhancement.  Moreover, it appears well-accepted that criminal trespass is a crime distinct from burglary.  See 12A C.J.S. Burglary § 2 (2005) (noting that "[c]riminal trespass has been distinguished from burglary in that criminal trespass

may be upon vacant property, but burglary is limited to entry of a structure or other specified enclosure," and that burglary includes "the aggravating factor [of] the trespasser's intent to commit a separate crime.").

Nor does our decision in Venegas-Ornelas support treating defendant's prior conviction as a "crime of violence" under § 2L1.2(b)(1)(A). In that case, we were asked to determine whether the defendant's prior conviction under Colorado law for first degree criminal trespass of a dwelling qualified as an "aggravated felony" for purposes of § 2L1.2(b)(1)(C). In concluding that it did, we determined that the conviction qualified as a "crime of violence" under 18 U.S.C. § 16 because it created a substantial risk that physical force would be used against the residents or property in the dwelling. 348 F.3d at 1276. Importantly, however, the term "crime of violence" "is defined more narrowly in § 2L1.2[(b)(1)(A)] than in [18 U.S.C. § 16] because the definition does not encompass acts involving the use of force against property or acts that merely pose a risk of harm to another person." Jaimes-Jaimes, 406 F.3d at 849. Thus, our conclusion in Venegas-Ornelas that the crime of first degree criminal trespass of a dwelling under Colorado law qualifies as a "crime of violence" for purposes of 18 U.S.C. § 16 does not mean that the same crime (or, more appropriately, a conviction for attempted first degree criminal trespass of a dwelling) qualifies as a "crime of violence" for purposes of § 2L1.2(b)(1)(A).

Because defendant has not been convicted of any of the crimes specifically enumerated in the first portion of § 2L1.2(b)(1)(A)'s "crime of violence" definition, the

only way he could be subjected to the 16-level enhancement thereunder is if his prior Colorado state conviction for attempted first degree criminal trespass of a dwelling "ha[d] as element the use, attempted use, or threatened use of physical force against the person of another." In Venegas-Ornelas, we noted that, to be convicted under Colorado law of first degree criminal trespass of a dwelling, it must be established that the defendant "(1) knowingly, (2) unlawfully, (3) entered or remained (4) in the dwelling of another." 348 F.3d at 1276. Because defendant's conviction was for attempted first degree criminal trespass of a dwelling, it would have included the additional elements of (1) the intent to commit the crime of first degree criminal trespass of a dwelling, and (2) having engaged in conduct constituting a substantial step toward the commission of that crime. See Colo. Jury Instr., Criminal 8:01 Criminal Attempt (1993). It is apparent that none of these elements required the State of Colorado to prove that the defendant used, attempted to use, or threatened to use physical force against the person of another. Indeed, none of these elements required the State of Colorado to even prove that another person was present in the dwelling at issue. Accordingly, we conclude that the district court erred in treating defendant's prior conviction as a "crime of violence" for purposes of § 2L1.2(b)(1)(A).

Before we may exercise our discretion to correct the district court's error, we must conclude that the district court's error was plain, that it affected defendant's substantial rights, and that it seriously affected the fairness, integrity or public reputation of judicial proceedings. With respect to this first question, we readily conclude that the district

court's error was plain. In <u>Olano</u>, the Supreme Court held that "'[p]lain is synonymous with 'clear' or, equivalently, 'obvious.'" 507 U.S. at 734. Here, there is simply no doubt that defendant's prior conviction fails to qualify as a "crime of violence" under § 2L1.2(b)(1)(A), and the government concedes as much. With respect to the second question, we conclude that the district court's error affected defendant's substantial rights because the imposition of the 16-level enhancement, rather than what appears to have been the more appropriate 8-level enhancement under § 2L1.2(b)(1)(C) for having previously been convicted of an "aggravated felony," caused his Guideline range to increase from 18 to 24 months to 46 to 57 months. Finally, with respect to the third question, we conclude that the district court's error seriously affected the fairness of defendant's sentencing proceedings. In particular, we conclude there is more than a reasonable probability that the district court's error led to a substantially higher sentence than would have been imposed had defendant's Guideline range been properly calculated.

We REMAND with directions to the district court to vacate defendant's sentence and resentence.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

05-2206 *United States v. Ortuno-Caballero*
**O'Brien, J.**, concurring


Like a Chameleon, a "crime of violence" changes with the background.  Thus, in sentencing a felon for possession of a firearm, 18 U.S.C. § 922(g)(1), a prior Colorado conviction for third degree assault, Colo. Rev. Stat. § 18-3-901(3)(C), is categorically a crime of violence.  *United States v. Paxton*, 422 F.3d 1203 (10th Cir. 2005).  But in sentencing for illegal reentry, 8 U.S.C. § 1326(a) and (b)(2), a prior conviction of that same statute, Colo. Rev. Stat. § 18-3-901(3)(C), is not categorically a crime of violence. *United States v. Perez-Vargas,* 414 F.3d 1282 (10th Cir. 2005).

In the criminal code, specifically 18 U.S.C. § 16, crime of violence means:


> **(a)** an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(b)** any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[1]


For an armed career criminal:


> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
>> **(I)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; . . .

_____

[1] The 18 U.S.C. § 16 definition is used in the sentencing guidelines for offenses involving the use of body armor.  USSG §3B1.5, comment. (n.1).

18 U.S.C. § 924(e)(2)(B).

For career offenders:[2]

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG §4B1.2(a).[3]

---

[2] Career offenders, USSG §4B1.1, and certain other offenses, *e.g.,* explosive materials crimes, USSG §2K1.3, comment. (n.2); firearms offenses, USSG §2K2.1, comment. (n.1); money laundering and related crimes, USSG §2S1.1, comment. (n.1); computation of criminal history, USSG § 4A1.1(p) and §4A1.1, comment. (n.6); high capacity, semiautomatic firearms, USSG §5K2.17, comment. (n.1); classification of violations, USSG §7B1.1, comment. (n.2).

[3] "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

"Crime of violence" does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a). Where the instant offense of conviction is the unlawful possession of a firearm by a felon, §2K2.1 (Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition) provides an increase in offense level if the defendant had one or more prior felony convictions for a crime of violence or controlled substance offense; and, if the defendant is sentenced under the provisions of 18 U.S.C. § 924(e), §4B1.4 (Armed Career Criminal) will apply. USSG §4B1.2, comment. (n.1).

"It is to be noted that the definitions of 'violent felony' and 'serious drug offense' in 18

For unlawful reentry:

> "Crime of violence" means any of the following: murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

USSG §2L1.2 (B)(iii), comment. (n.1).

The lesson seems to be that logic plays no role; rote application of the various guideline definitions is the order of the day. It's a funny way to run a railroad. But there is a leitmotif — a prior felony is "violent" when the use, attempted use or threatened use of force against the person (or under 18 U.S.C. § 16, the property) of another is an element of the crime. And another, when there is a substantial risk that physical force may be used against the person or property of another, 18 U.S.C. § 16, or the criminal conduct presents a serious risk of physical injury to another. 18 U.S.C. § 924(e)(2)(b) and USSG §4B1.2(a). The serious risk of injury seems to inform the inclusion of burglary, particularly that of a dwelling, in the litany of per se violent felonies. Strikingly different is USSG §2L1.2, which includes named offenses, burglary is one, and offenses having as an element the use, attempted use or threatened use of physical force. It omits conduct that carries a substantial or serious risk of injury. That omission seems

_____

U.S.C. § 924(e)(2) are not identical to the definitions of 'crime of violence' and 'controlled substance offense' used in §4B1. . . ." USSG, §4B1.4, comment. (n.1).

inexplicable, as this case illustrates.

In Colorado the potential risk of injury is virtually the same for first degree criminal trespass and burglary. The majority says: "Moreover, it appears well-accepted that criminal trespass is a crime distinct from burglary. See 12A C.J.S. Burglary § 2 (2005) (noting that "[c]riminal trespass has been distinguished from burglary in that criminal trespass may be upon vacant property, but burglary is limited to entry of a structure or other specified enclosure," and that burglary includes "the aggravating factor [of] the trespasser's intent to commit a separate crime.")." Majority Op. at 5. But, like burglary,[4] first degree criminal trespass must be to a dwelling[5] and neither burglary nor first degree criminal trespass require the dwelling to be occupied. The separate crime intended in a burglary doesn't have to be a felony; it is commonly theft (sometimes petty

---

[4] (1) A person commits second degree burglary, if the person knowingly breaks an entrance into, enters unlawfully in, or remains unlawfully after a lawful or unlawful entry in a building or occupied structure with intent to commit therein a crime against another person or property.

       (2) Second degree burglary is a class 4 felony, but it is a class 3 felony if:
          (a) It is a burglary of a dwelling; or
          (b) It is a burglary, the objective of which is the theft of a controlled substance, as defined in section 12-22-303(7), C.R.S., lawfully kept within any building or occupied structure.
Colo. Rev. Stat. § 18-4-203.

[5] A person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a dwelling of another or if such person enters any motor vehicle with intent to commit a crime therein. First degree criminal trespass is a class 5 felony. Colo. Rev. Stat. § 18-4-502.

-4-

theft). The potential for violence is no less when a criminal is illegally in another's home in the middle of the night snooping around (criminal trespass) than it would be (burglary) if he is there to steal $20, video tapes, cigarettes, prescription drugs, or to commit some other minor crime — any crime against a person or property suffices in Colorado.

A distinction without a difference leads to a guidelines sentence of 18 to 24 months (the presumptive sentence on remand) instead of a sentence of 46 to 57 months as imposed by the district court. It is capricious, indeed. But the majority is faithful to the language of the relevant guideline. I reluctantly concur.