O’BRIEN, J., concurring.
Like a Chameleon, a “crime of violence” changes with the background. Thus, in sentencing a felon for possession of a firearm, 18 U.S.C. § 922(g)(1), a prior Colorado conviction for third degree assault, Colo.Rev.Stat. § 18-3-901(3)(C), is categorically a crime of violence. United States v. Paxton, 422 F.3d 1203 (10th Cir.2005). But in sentencing for illegal reentry, 8 U.S.C. § 1326(a) and (b)(2), a prior conviction of that same statute, Colo.Rev. Stat. § 18-3-901 (3)(C), is not categorically a crime of violence. United States v. Perez-Vargas, 414 F.3d 1282 (10th Cir.2005).
In the criminal code, specifically 18 U.S.C. § 16, crime of violence means:
(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may *819 be used in the course of committing the offense.[2]
For an armed career criminal:
the term “violent felony” means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; ...
18 U.S.C. § 924(e)(2)(B).
For career offenders:[3]
(a) The term “crime of violence” means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
USSG § 4B1.2(a).[4]
For unlawful reentry:
“Crime of violence” means any of the following: murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or *820 threatened use of physical force against the person of another.
USSG § 2L1.2 (B)(iii), comment. (n.l).
The lesson seems to be that logic plays no role; rote application of the various guideline definitions is the order of the day. It’s a funny way to run a railroad. But there is a leitmotif — a prior felony is “violent” when the use, attempted use or threatened use of force against the person (or under 18 U.S.C. § 16, the property) of another is an element of the crime. And another, when there is a substantial risk that physical force may be used against the person or property of another, 18 U.S.C. § 16, or the criminal conduct presents a serious risk of physical injury to another. 18 U.S.C. § 924(e)(2)(b) and USSG § 4B1.2(a). The serious risk of injury seems to inform the inclusion of burglary, particularly that of a dwelling, in the litany of per se violent felonies. Strikingly different is USSG § 2L1.2, which includes named offenses, burglary is one, and offenses having as an element the use, attempted use or threatened use of physical force. It omits conduct that carries a substantial or serious risk of injury. That omission seems inexplicable, as this case illustrates.
In Colorado the potential risk of injury is virtually the same for first degree criminal trespass and burglary. The majority says: “Moreover, it appears well-accepted that criminal trespass is a crime distinct from burglary. See 12A C.J.S. Burglary § 2 (2005) (noting that “[cjriminal trespass has been distinguished from burglary in that criminal trespass may be upon vacant property, but burglary is limited to entry of a structure or other specified enclosure,” and that burglary includes “the aggravating factor [of] the trespasser’s intent to commit a separate crime.”).” Majority Op. at 5. But, like burglary,[5] first degree criminal trespass must be to a dwelling[6] and neither burglary nor first degree criminal trespass require the dwelling to be occupied. The separate crime intended in a burglary doesn’t have to be a felony; it is commonly theft (sometimes petty theft). The potential for violence is no less when a criminal is illegally in another’s home in the middle of the night snooping around (criminal trespass) than it would be (burglary) if he is there to steal $20, video tapes, cigarettes, prescription drugs, or to commit some other minor crime — any crime against a person or property suffices in Colorado.
A distinction without a difference leads to a guidelines sentence of 18 to 24 months (the presumptive sentence on remand) instead of a sentence of 46 to 57 months as imposed by the district court. It is capricious, indeed. But the majority is faithful to the language of the relevant guideline. I reluctantly concur.

. The 18 U.S.C. § 16 definition is used in the sentencing guidelines for offenses involving the use of body armor. USSG § 3B1.5, comment. (n.l).

. Career offenders, USSG § 4B1.1, and certain other offenses, e.g., explosive materials crimes, USSG § 2K1.3, comment, (n.2); firearms offenses, USSG § 2K2.1, comment, (n.l); money laundering and related crimes, USSG § 2S1.1, comment, (n.l); computation of criminal history, USSG § 4Al.l(p) and § 4A1.1, comment, (n.6); high capacity, semiautomatic firearms, USSG § 5K2.17, comment. (n.l); classification of violations, USSG § 7B1.1, comment, (n.2).

. "Crime of violence” includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence” if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.
"Crime of violence” does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a). Where the instant offense of conviction is the unlawful possession of a firearm by a felon, § 2K2.1 (Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition) provides an increase in offense level if the defendant had one or more prior felony convictions for a crime of violence or controlled substance offense; and, if the defendant is sentenced under the provisions of 18 U.S.C. § 924(e), § 4B1.4 (Armed Career Criminal) will apply. USSG § 4B1.2, comment. (n.l). "It is to be noted that the definitions of ‘violent felony’ and 'serious drug offense' in 18 U.S.C. § 924(e)(2) are not identical to the definitions of ‘crime of violence’ and ‘controlled substance offense’ used in § 4B1.... ” USSG, § 4B1.4, comment, (n.l).

. (1) A person commits second degree burglary, if the person knowingly breaks an entrance into, enters unlawfully in, or remains unlawfully after a lawful or unlawful entry in a building or occupied structure with intent to commit therein a crime against another person or property.
(2) Second degree burglary is a class 4 felony, but it is a class 3 felony if:
(a) It is a burglary of a dwelling; or
(b) It is a burglary, the objective of which is the theft of a controlled substance, as defined in section 12-22-303(7), C.R.S., lawfully kept within any building or occupied structure.
Colo.Rev.Stat. § 18-4-203.

. A person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a dwelling of another or if such person enters any motor vehicle with intent to commit a crime therein. First degree criminal trespass is a class 5 felony. Colo.Rev.Stat. § 18-4-502.