EDITH H. JONES, Chief Judge,
dissenting:
The majority holds that Garcia’s previous conviction under the Colorado third-degree assault statute, Colo.Rev.Stat. § 18-3-204, does not necessarily qualify as a crime of violence. See U.S.S.G. §§ 4B1.2(a), 2L1.2, cmt. n.1(B)(iii). While I would agree with the majority’s analysis if this court were bound to apply solely the Fifth Circuit’s “categorical approach” line of cases, I do not think we can blind ourselves to on-point Tenth Circuit decisions construing precisely the statute here at issue. For this reason, I respectfully dissent.
I agree with the majority’s conclusion that the Colorado third-degree assault statute does not require the “use of physical force” as an element of the offense. The Tenth Circuit recognized as much in United States v. Perez-Vargas, 414 F.3d 1282, 1286 (10th Cir.2005). However, the majority disregards the Tenth Circuit’s later holding that a conviction under § 18-3-204 qualifies as a crime of violence because it “involves conduct that presents a serious potential risk of physical injury to another.” U.S.S.G. § 4B1.2(a)(2); see United States v. Krejcarek, 453 F.3d 1290 (10th Cir.2006); United States v. Paxton, 422 F.3d 1203 (10th Cir.2005). In Paxton, the Tenth Circuit held that “a conviction under [the Colorado third-degree assault statute] is a crime of violence under U.S.S.G. § 4B1.2(a)(2) because the conduct necessary to sustain the conviction presents a serious risk of physical injury to another.” Id. at 1207; see also Krejcarek, 453 F.3d at 1295 (reaffirming Paxton and stating that “it is clear that a third degree assault presents risk of physical injury”).
Instead of following these precedents, the majority remands to supplement the record with state court conviction documents. The Tenth Circuit rejected this approach in Paxton in concluding that a conviction under § 18-3-204 qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)(2). See Paxton, 422 F.3d at 1207 (“Nothing in the record informs us whether the bodily injury in Mr. Paxton’s prior offense was physical or mental.”); see also Krejcarek, 453 F.3d at 1295 (rejecting defendant’s argument that his prior convictions did not involve the use of force because “the possibility that a crime may be completed without injury is irrelevant to the determination of whether it constitutes a crime of violence within the meaning of § 4B1.2”).
The majority elects to be bound by this court’s categorical approach methodology rather than by direct holdings of a sister circuit. This is a highly peculiar result. It virtually assures that criminal defendants with precisely the same conviction records will be treated differently under the Sentencing Guidelines depending on the circuit where they are caught. Further, reasonable judges can disagree whether Colorado’s assault statute involves *1150 conduct that poses a potential serious risk of physical injury to another. In holding otherwise, the majority undermines precisely the uniformity and ease of application that the Supreme Court’s Taylor[1] decision envisioned.
Finally, the majority’s decision has created an intercircuit conflict, notwithstanding the disclaimer added in footnote seven of their opinion. The Tenth Circuit rejected resort to extrinsic offense-specific papers as a requirement of proving that a conviction under Colorado’s assault statute is a crime of violence. Perhaps, on remand, the government will be able to satisfy the majority’s evidentiary standard. From the government’s standpoint, however, and from the disparate results defendants will encounter, our circuits are split.
I would affirm the sentence based on the Tenth Circuit decisions. Consequently, I respectfully dissent.

. Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).