HOLLOWAY, Circuit Judge,
dissenting.
I join that portion of the majority opinion holding that the district court erred by refusing to consider Arrevalo-Olvera’s request for a variance below the applicable Guideline range until the district court satisfied itself that a sentence within the range would be unreasonable. See, e.g., Majority Op. at 1213. However, because we should not guess a defendant into a particular sentence when “[t]here is no concrete indication the district court would impose the same sentence on remand ...,” *1215 United States v. Nickl, 427 F.3d 1286, 1302 (10th Cir.2005) (Murphy, J.), I respectfully dissent. I would reverse the district court’s decision and remand for resentenc-ing.
We must reverse and remand for resen-tencing unless the district court’s error was harmless. When a defendant alleges that a non-constitutional Booker error has occurred, as here, the court will review the record as a whole and ask whether the error affected the district court’s selection of the sentence imposed. Id. The Government bears the burden to show by a preponderance of the evidence that the error was harmless. Id. The district court’s error is not harmless when our review of the record still leaves us unsure whether the district court would impose the same sentence on remand while viewing the Guidelines as advisory. See id.; United States v. Begay, 470 F.3d 964, 977-78 (10th Cir.2006).
The majority relies on two cases to show that the district court committed harmless error and correctly distinguishes Begay because the district court there imposed a bottom-end guidelines sentence. First, the majority cites United States v. Paxton, 422 F.3d 1203, 1207 (10th Cir.2005) (quoting United States v. Ollson, 413 F.3d 1119, 1121 (10th Cir.2005)), for the proposition that “[w]hen ‘the district court had undoubted discretion to reduce the sentence below what it imposed,’ its decision not to exercise discretion and impose a lower sentence renders any nonconstitutional Booker error harmless.” Second, the majority relies on United States v. Riccardi, 405 F.3d 852, 876 (10th Cir.2005), to reject Arrevalo-Olvera’s argument because there the district court committed harmless error because “there [was] no reason to think the judge[, who thought he had limited discretion,] would exercise his now-greater discretion to reduce the sentence.”
Combined, these statements do seem to seal Arrevalo-Olvera’s fate. But before unquestioningly applying these holdings, we must ask whether there is a reason to think that the district court here would impose a different sentence. There is at least one reason, which was not considered by Paxton or Riccardi. While the majority correctly notes that “the district court clearly recognized that it had discretion to impose any sentence within the applicable range,” Majority Op., at 1213, the district court’s belief that it was bound by the Guidelines range fixed the lens through which the district court viewed the appropriate sentence. Instead of determining the appropriate sentence in light of § 3553(a) factors and Arrevalo-Olvera’s arguments for a variance, the court erroneously considered only whether the Guidelines range of 57-71 months’ imprisonment was a reasonable range. Thus, once the court found that the Guidelines range was reasonable, it then obligated itself to determine what sentence within the Guidelines was most appropriate for this Defendant. At this point, the court’s sentence might reflect its belief that Arre-valo-Olvera deserves a sentence of 60 months’ imprisonment, instead of 57 months’ imprisonment, because the court could contemplate a defendant with the same offense level as Arrevalo-Olvera, but with a less substantial criminal record. Under this interpretation, the district court’s analysis essentially devolved into determining where Arrevalo-Olvera fits in the range of sentences that could be meted out to defendants with the same offense level.
It is possible, therefore, that the district court might have thought a different sentence more appropriate had it considered the more expansive range of sentences that could apply here. In other words, fixing the Guideline range as mandatory, without allowing the district court to con *1216 sider sentences outside of that range, would yield a sentence relative to that range only. This would not permit a sentence relative to what might be a more expansive range that could be equally reasonable. Thus, a sentence of 60 months’ imprisonment might seem more appropriate than 55 months’ imprisonment when a district court believes it is allowed to consider only a range of 57-71 months. The same might not be true of the 60-month sentence, however, if the district court felt free to consider whether a range of, for example, 50-71 months would be reasonable and appropriate for a defendant with Arrevalo-Olvera’s offense level.
Thei'e is some evidence that the district court employed this type of analysis. After finding the Guidelines range to be reasonable, the district court explained that “[it] imposed a sentence of 60 months as opposed to the low end of the guidelines range based on the defendant’s convictions for violent felony offenses.... ” Appellant’s Opening Br., Appx. B, at 23. While the district court indicated that the Guidelines sentence of 57 to 71 months is reasonable and appropriate, id., we should not speculate whether the district court thought that a sentence below 57 months would be unreasonable or inappropriate given the district court’s belief that it could not even consider such a sentence. Although Nickl is analogous to Begay because the district courts in both cases imposed a low-end Guidelines sentence, Nickl remanded for resentencing despite the district court’s statement that the sentence imposed was “just” and “fair”: “While the district court characterized Nickl’s sentence as ‘just’ and ‘fair,’ it did not announce explicitly it would impose the same sentence if the guidelines were not mandatory ... [so we therefore] cannot conclude the district court’s error was harmless....” Nickl, 427 F.3d at 1303 (internal citations omitted). The district court’s remarks at Arrevalo-Olvera’s sentencing hearing simply do not favor an interpretation in either direction, yet the Government bears the burden of proof to show harmlessness.
The possibility that the district court applied this analysis creates a clear problem: because we have no reason to believe that the district court did not apply this framework when sentencing Arrevalo-Olv-era, “[t]here is no concrete indication the district court would impose the same sentence on remand, viewing the guidelines as advisory instead of mandatory.” Id. at 1302.
The majority and the Government respond by noting one fact that distinguishes this case from Begay: the district court here imposed a sentence three months above the bottom-end of the Guidelines range. The Government makes much of this fact because, it argues, “[t]he district court did not have to consider a variance below 57 months because that period was considered at the outset and rejected as insufficient” and the court impliedly rejected as insufficient any sentence between 57 and 59 months. Aplee. Br. at 16.
The Government’s first argument is factually inaccurate. The district court did not reject a sentence below 57 months as insufficient because, in the district court’s view, it had no authority to even consider the sufficiency of such a sentence in light of the reasonableness of the Guidelines range.
The Government’s second argument would employ the same precedents that the majority relies upon — precedents holding that there was no reason to think that the district courts in those cases would have acted differently. This panel does not have authority to question the correctness of those precedents. We do, however, have the obligation to determine whether the observation made in Paxton and Riccardi, that giving the district court more discretion would not result in a lower *1217 sentence, equally holds true here. Because Arrevalo-Olvera has raised one reason why it might not — a reason not even addressed by Riccardi or Paxton — I would not rely on speculation that the district court would impose the same sentence on remand. To be sure, the same problem might have been present in Riccardi and Paxton. But neither the defendants nor the panels in those cases raised the argument that Arrevalo-Olvera makes here.
The majority might be correct that the district court will impose the same sentence on remand. But such speculation is not justified because of something the district court said or did. Although Arreva-lo-Olvera might not obtain a lower sentence on remand, that should be for the district court to decide while free of the erroneous belief that it must choose a sentence between 57 and 71 months merely because that range is reasonable.
The Government has not shown by a preponderance of the evidence that this error was harmless. Accordingly, we should reverse the district court’s decision and remand for resentencing. I therefore respectfully dissent.