**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

KENNETH LEE KELLEY,

　　　　Defendant - Appellant.

No. 09-7060

(E.D. Oklahoma)

(D.C. No. 6:03-CR-00051-JHP-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McWILLIAMS**, and **GORSUCH**, Circuit Judges.

## I.  Introduction

The district court sentenced Kenneth Lee Kelley prior to the Supreme

Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).  Kelley argues

the district court erred in sentencing him based on a mandatory application of the

Sentencing Guidelines.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, the

court **AFFIRMS** Kelley's sentence.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

## II. Background

In January 2004, Kelley pleaded guilty to ten of the eleven counts in a superseding indictment.[1]  He was sentenced in April 2004 as a career offender pursuant to USSG § 4B1.1(a) due to two prior felony convictions involving controlled substances.  The applicable Guidelines range was calculated as 352 to 425 months.  Trial counsel did not object to the PSR and simply requested a sentence at the bottom of the Guidelines range.  Ultimately, the district court imposed a within-Guidelines sentence of 360 months' imprisonment.  Kelley did not file a direct appeal.

Kelley timely filed a motion under 28 U.S.C. § 2255 claiming his attorney was constitutionally ineffective for ignoring Kelley's request to appeal the sentence.  *United States v. Kelley*, 318 Fed. App'x 682, 684 (10th Cir. Mar. 30, 2009) (unpublished).  The district court denied the motion on three separate occasions; each time this court reversed the district court and remanded for further proceedings.  *Id.* at 684-85.  Ultimately, this court concluded Kelley was prejudiced by trial counsel's ineffectiveness.  *Id.* at 688.  Accordingly, we instructed the district court "to reinstate the judgment so that Mr. Kelley [could] file a timely appeal of his sentence."  *Id.*  The district court did so and reimposed the exact same sentence without further comment.  Kelley now appeals his sentence in light of *Booker*.

---

[1]The Government agreed to dismiss the remaining count.

**III. Discussion**

Kelley alleges a non-constitutional *Booker* error and argues his sentence was improperly based on a mandatory application of the Sentencing Guidelines. As Kelley's trial counsel failed to object to the court's application of the Sentencing Guidelines as mandatory, his claim is reviewed for plain error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). To establish plain error, Kelley must demonstrate "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted). Kelley is able to satisfy the first two prongs of this test because it is clear the district court simply reimposed Kelley's original sentence, which was based on a mandatory application of the Sentencing Guidelines, an error which is "plain" on direct appeal. *See id.* at 732.

Kelley cannot, however, meet his burden of demonstrating his substantial rights were affected. In order to satisfy this prong of the plain-error analysis, he must establish "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *Id.* at 733 (quotation omitted). In *United States v. Paxton*, this court explained that a non-constitutional *Booker* error does not affect a defendant's substantial rights "[w]hen the district court had undoubted discretion to reduce the sentence below what it imposed" but elected

not to do so. 422 F.3d 1203, 1207 (10th Cir. 2005) (quotation omitted).[2] *See also United States v. Lawrence*, 405 F.3d 888, 908 (10th Cir. 2005) (affirming a sentence challenged for constitutional *Booker* error because the district judge's decision to sentence the defendant above the bottom of the Guidelines range indicated the court would not have imposed a lesser sentence had it known the Guidelines were advisory).

Here, Kelley was sentenced to 360 months' imprisonment, eight months above the bottom of the Guidelines range of 352 to 425 months. While the district court could have imposed a lesser sentence, even though it viewed the Guidelines as mandatory, it opted not to do so. As we noted in *Gonzalez-Huerta*, "even prior to *Booker*, [a defendant] had every reason to present mitigating sentencing factors" in order to obtain the lowest possible sentence within the applicable Guidelines range. 403 F.3d at 735. Despite counsel's request for a sentence at the bottom of the Guidelines range, however, the court imposed a sentence of 360 months, explaining it was doing so "to provide just punishment, to promote respect for the law and to protect the public." Consequently, Kelley cannot meet his burden of showing a reasonable probability that the proceedings

---

[2]*Paxton* analyzed this question in the context of harmless-error review, where it is the Government's burden to establish the defendant's substantial rights have not been affected. This court, however, has noted that aside from a shift in the burden of proof, the substantial rights inquiry is essentially the same whether conducted under a harmless error or plain error standard of review. *United States v. Small*, 423 F.3d 1164, 1190 n.15 (10th Cir. 2005).

-4-

would have produced a different result had the district court known the Guidelines were advisory. Accordingly, this court must affirm the district court's decision.

**IV. Conclusion**

For these reasons, the court hereby **AFFIRMS** Kelley's sentence.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge