United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60315
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ANGELO DECARLO, doing business as
Charles Van Wagner,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:02-CR-37-1
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Angelo DeCarlo, convicted of violating 18 U.S.C. §§ 922(g)(1) and 924(e) by possessing a firearm as a convicted felon, appeals from the district court's denial of his motion for new trial based upon newly-discovered evidence pursuant to FED. R. CRIM. P. 33. DeCarlo also appeals the enhancement of his sentence pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

DeCarlo has failed to prove that the Government either withheld the newly-discovered impeachment material from him prior to his trial or knowingly used perjured testimony at his trial. See East v. Scott, 55 F.3d 996, 1003-05 (5th Cir. 1995). Moreover, DeCarlo's own testimony before the jury was sufficient to establish that he constructively possessed the firearm in violation of 18 U.S.C. § 922(g). See United States v. Mergerson, 4 F.3d 337, 348-49 (5th Cir. 1993). Thus, DeCarlo has failed to show that the newly-discovered evidence is material. See United States v. MMR Corp., 954 F.2d 1040, 1047 (5th Cir. 1992). In addition, because the new evidence is cumulative and impeaching, its discovery does not warrant a new trial. See id.

The crime of burglary for which DeCarlo was convicted under Utah Criminal Code § 76-6-202 substantially corresponds to the definition of generic burglary as required by Taylor v. United States, 495 U.S. 575, 599 (1990), for sentencing enhancement under 18 U.S.C. § 924(e). See Taylor, 495 U.S. at 599. Thus, the Government's submission of proof of the text of the Utah state statute is sufficient proof that DeCarlo's prior burglary offense meets the definition of the violent felony of burglary for enhancement purposes under 18 U.S.C. § 924(e). See id.

AFFIRMED.