**F I L E D**

PUBLISH

**June 22, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHANE EDWARD OLLSON,

Defendant - Appellant.

No. 04-1481

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 04-CR-99-D)**

Submitted on the briefs:    *

Raymond P. Moore, Federal Public Defender, and Janine Yunker, Assistant
Federal Public Defender, Denver, Colorado, for Defendant - Appellant.

William J. Leone, Acting United States Attorney, and Jerry N. Jones, Assistant
United States Attorney, Denver, Colorado, for Plaintiff - Appellee.

Before **SEYMOUR** , **HARTZ** , and **McCONNELL** , Circuit Judges.

**HARTZ** , Circuit Judge.

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

Defendant Shane Edward Ollson was sentenced before the Supreme Court handed down *United States v. Booker*, 125 S. Ct. 738 (2005). The district court consequently sentenced him under the mistaken impression that the Sentencing Guidelines are, in general, mandatory rather than advisory. We hold that the error was harmless, however, because the record clearly shows that Defendant's sentence would have been the same under the post-*Booker* discretionary-guideline regime. The government in this case moved to reduce Defendant's sentence under *United States Sentencing Guidelines* (USSG), § 5K1.1, for his substantial assistance in an investigation. Under that provision the district court had considerable discretion regarding the amount of reduction, if any; and it could undoubtedly have exercised its discretion to impose a lesser sentence than it did.

Defendant pleaded guilty to one count of possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). In the plea agreement Defendant admitted that the firearm in his possession was stolen. Before sentencing, Defendant filed a motion requesting that the district court declare the Sentencing Guidelines unconstitutional. The district court denied the motion.

Defendant's base-offense level, 24, was enhanced two levels because the gun was stolen, *see* USSG § 2K2.1.(b)(4), and reduced three levels for acceptance

of responsibility, *see id.* § 3E1.1.(b).  His criminal history category was III.

Defendant's resulting guidelines range was 57-71 months.  The government

moved for a sentence reduction of 20% below the 57-month guidelines minimum

because Defendant provided substantial assistance in the investigation.  *See*

USSG § 5K1.1.  The district court granted the motion and sentenced Defendant to

46 months' imprisonment, slightly less than 20% below the 57-month guidelines

minimum.

In his opening brief on appeal Defendant argued that the Sentencing

Guidelines were unconstitutional in light of *Blakely v. Washington*, 124 S. Ct.

2531 (2004), and further argued that the Sentencing Commission itself is

unconstitutional because "Congress has violated the non-delegation doctrine by

permitting a Judicial Branch agency to exercise inappropriate powers, in violation

of the separation of powers doctrine."  Aplt. Br. at 9.  This separation-of-powers

argument was rejected by *United States v. Booker*, 125 S. Ct. 738, 754-55 (2005);

but Defendant also filed a post-*Booker* supplemental brief arguing that use of

mandatory guidelines is structural error and that *Booker* requires resentencing.

We have jurisdiction under 29 U.S.C. § 1291 and affirm.

Defendant admitted to all the facts underlying his sentence.  Consequently,

the only *Booker* error is that the district court sentenced Defendant under what it

thought were mandatory guidelines.  *See United States v. Gonzalez-Huerta*, 403

-3-

F.3d 727, 731-32 (10th Cir. 2005) (distinguishing between constitutional and nonconstitutional *Booker* error). Because Defendant properly raised his claim below, we review for harmless error. *United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005). Although Defendant contends that the error presented is structural and therefore harmless-error analysis does not apply, this circuit has rejected that contention. *Gonzalez-Huerta*, 403 F.3d at 734.

Federal Rule of Criminal Procedure 52(a) states that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." An error with respect to sentencing does not affect substantial rights when it did not affect the sentence imposed by the district court. *Labastida-Segura*, 396 F.3d at 1142-43.

Defendant points out that the sentencing judge used the guidelines minimum as the starting point when calculating the departure. He argues that his circumstances are thus similar to those in *Labastida-Segura*, in which the judge imposed the minimum sentence. There we stated:

> [T]o say that the district court would have imposed the same sentence given the new legal landscape (even after consulting the Sentencing Guidelines in an advisory capacity) places us in the zone of speculation and conjecture—we simply do not know what the district court would have done after hearing from the parties.

*Labastida-Segura*, 396 F.3d at 1143.

Defendant's argument, however, neglects an essential element of his case: once the government moved for downward departure under § 5K1.1, the district court exercised its discretion in both granting the motion and in deciding what degree of departure was appropriate. Section 5K1.1 states that "the court may depart from the guidelines" on the motion of the government if the defendant "provided substantial assistance." It further states that "[t]he appropriate reduction shall be determined by the court" and provides a list of considerations relevant to that determination. USSG § 5K1.1(a). Although true that "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance," *see* USSG § 5K1.1 cmt. n.3., the district court nonetheless retains discretion to depart to the degree it finds appropriate, regardless of a specific recommendation by the government. *See United States v. Blackwell*, 127 F.3d 947, 958-59 (10th Cir. 1997) (Briscoe, J. concurring and dissenting) ("The extent of a departure under § 5K1.1 is within the sentencing court's sound discretion."); *United States v. Mariano*, 983 F.2d 1150, 1155 (1st Cir. 1993) (the government's motion "does not bind a sentencing court to abdicate its responsibility, stifle its independent judgment, or comply blindly with the prosecutor's wishes").

Thus, unlike the situation in *Labastida-Segura*, the district court had undoubted discretion to reduce the sentence below what it imposed. If the court

-5-

thought that Defendant deserved an even lesser sentence, it could have departed further.  Nothing in the record overcomes the presumption that the court was aware of its discretion.  *Cf. United States v. Rowen*, 73 F.3d 1061, 1063 (10th Cir. 1996) (presuming that sentencing court knew it had discretion to depart downward).  Much closer in point than *Labastida-Segura* is *United States v. Serrano-Dominguez*, 406 F.3d 1221 (10th Cir. 2005), in which we held the error to be harmless because the district court had set an identical alternative sentence in the event that the guidelines were overturned.  In our view the district court's nonconstitutional *Booker* error was harmless.

For the foregoing reasons, Defendant's sentence is AFFIRMED.