**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

ANDREW JAMES NELSON,

   Defendant-Appellant.

No. 04-1553

(D. of Colo.)

(D.C. No. 03-CR-246-D)

**ORDER AND JUDGMENT** *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

   Defendant-appellant Andrew James Nelson appeals the sentence imposed following his guilty plea to one count of aggravated sexual abuse under 18 U.S.C. § 2241(c).  We remand for resentencing in light of *United States v. Booker* , 125 S. Ct. 738 (2005).

---

   * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

   ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Under the United States Sentencing Guidelines, the base offense level for Nelson's crime is 27. *See* USSG § 2A3.1(a). The district court imposed two sentencing enhancements, a four-point enhancement because the victim was less than 12 years of age, *see id.* at § 2A3.1(b)(2)(A), and a two-point enhancement because the victim was in Nelson's care when the sexual assault occurred, *see id*. at § 2A3.1(b)(3)(A). Following a three-point reduction based on Nelson's acceptance of responsibility, the court arrived at a total offense level of 30. Combined with Criminal History Category I, the applicable guideline range was 97 to 121 months. *Id.* at Ch. 5, pt. A, Sentencing Table. At sentencing, the district court declined to depart downward from this range and sentenced Nelson at the bottom of the range, 97 months.

Following issuance of the Presentence Report, which calculated Nelson's guideline range as set forth above, Nelson argued that in light of *Blakely v. Washington*, 542 U.S. 296 (2004), the sentencing guidelines were unconstitutional in their entirety. The district court disagreed, preferring instead to await the Supreme Court's then-pending decision in *Booker*. We now know, following *Booker*, that Nelson's constitutional objection was not without merit. According to *Booker*, the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be

admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. To remedy the guidelines' Sixth Amendment problem, the Court excised 18 U.S.C. § 3553(b)(1), making the guidelines advisory in all cases. *Id.* at 756–57.

Thus, there are two distinct types of *Booker* error that a sentencing court could make. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731–32 (10th Cir. 2005). "First, a court could err by relying upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily." *Id.* (citing *Booker*, 125 S. Ct. at 756). "Second, a sentencing court could err by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." *Id.* (citing *Booker*, 125 S. Ct. at 769). Nelson concedes that this case involves the latter—what we call non-constitutional *Booker* error—because he admitted and agreed to the facts supporting the sentencing enhancements.

Because Nelson raised *Blakely* in the district court, he adequately preserved his non-constitutional *Booker* claim and our review is for harmless error. *See United States v. Labastida-Segura,* 396 F.3d 1140, 1142 (10th Cir. 2005). According to Federal Rule of Criminal Procedure 52(a), "[a]ny error, defect,

irregularity, or variance that does not affect substantial rights must be disregarded" on harmless error review. In harmless error cases the government bears the burden of demonstrating that the defendant's substantial rights were not affected. *United States v. Riccardi*, 405 F.3d 852, 875 (10th Cir. 2005) (citation omitted).

In the instant case, the district court sentenced Nelson under sentencing guidelines it viewed as mandatory. The court also exercised its discretion to sentence Nelson at the bottom of his applicable guidelines range. We have held that where non-constitutional *Booker* error was properly preserved and the defendant was sentenced at the bottom of his guidelines range, without more to the record we cannot conclude the error was harmless:

> Here, where it was already at the bottom of the guidelines range, to say that the district court would have imposed the same sentence given the new legal landscape (even after consulting the Sentencing Guidelines in an advisory capacity) places us in the zone of speculation and conjecture—we simply do not know what the district court would have done after hearing from the parties. Though an appellate court may judge whether a district court exercised its discretion (and whether it abused that discretion), it cannot exercise the district court's discretion.

*Labastida-Segura*, 396 F.3d at 1143 (citation omitted). In other cases, however, we have found the mandatory application of the guidelines to be harmless. *See United States v. Glover*, 413 F.3d 1206 (10th Cir. 2005) (holding non-constitutional *Booker* error was harmless because defendant sentenced at high end of sentencing range and sentencing judge stated the sentence was justified);

-4-

*United States v. Ollson*, 413 F.3d 1119 (10th Cir. 2005) (holding non-constitutional *Booker* error harmless because the judge exercised discretion in departing downward); *United States v. Riccardi*, 405 F.3d 852 (10th Cir. 2005) (holding constitutional *Booker* error harmless because defendant sentenced at high end of sentencing range and sentencing judge stated the sentence was appropriate).

The government argues that the non-constitutional *Booker* error was harmless because the district court, exercising its discretion, declined to grant Nelson's motion for a downward departure. We disagree. The district court's decision not to depart, of course, is a relevant inquiry in sentencing appeals under *Booker*. *See, e.g., United States v. Lawrence*, 405 F.3d 888, 908 (10th Cir. 2005) (concluding district court's refusal to depart from the guideline range was evidence the court felt sentence was an appropriate sentence). In this case, unlike our cases finding harmless error, the district court's decision not to depart says little about the court's willingness, in a discretionary environment, to sentence Nelson below the guideline range. This is because Nelson's departure motion asked the court to impose probation instead of jail time—effectively asking the judge to depart downward from a minimum sentence of 97 months to zero months. The judge was clearly uncomfortable with such a drastic departure: "[Y]ou're asking me to go all the way down to the bottom. And that's where I'm having a

problem," and "I don't see any scenario under which I shouldn't send the defendant to jail." R.O.A. IV, at 71, 73. Merely because the district court believed jail time was appropriate does not necessarily establish that it would have imposed the same sentence given the new legal landscape.

The government nevertheless responds that the sentencing court expressed satisfaction with the sentence it imposed. While it is true the court stated it believed the sentence was appropriate under the guidelines' range, we cannot conclude with requisite certainty that the court would apply the same range given additional discretion after *Booker*.

Accordingly, we REMAND this case for resentencing.

Entered for the Court


Timothy M. Tymkovich
United States Circuit Judge