F I L E D
United States Court of Appeals
Tenth Circuit

May 15, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAVON LARNELL PATTERSON,

Defendant-Appellant.

No. 04-6347

(W. D. of Okla.)

(D.C. No. CR-04-39-H)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

RaVon Patterson appeals the 105-month sentence he received after pleading

guilty to armed bank robbery. He argues that the district court committed

reversible error by enhancing his sentence under the United States Sentencing

Guidelines. The government responds that Patterson waived his right to demand a

jury under *United States v. Booker*, 543 U.S. 220 (2005), when he pled guilty and

___

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

that any resulting sentencing error was harmless. We agree with the government and AFFIRM.

## I. Background

Patterson pled guilty in the Western District of Oklahoma to bank robbery. The factual basis for that plea was set forth in the plea agreement:

> That on or about February 3, 2004, [Patterson] took money from the person or presence of a bank teller; that he did so using force, violence, and intimidation; that the money was under the care, custody, control, management and possession of MidFirst Bank . . . ; [and] that the deposits of MidFirst Bank were then insured by the Federal Deposit Insurance Corporation.

Vol. 1, Doc. 49, Pg. 2. During the plea colloquy, Patterson further explained that he entered the bank with an accomplice and yelled for everybody to get down. He also admitted two additional facts: (1) his accomplice did not say anything to the people in the bank, and (2) the pair left with $568.

Prior to sentencing, a Presentence Investigation Report (PSR) calculated Patterson's sentence under the Guidelines. The PSR began with a base offense level of 20, which was then enhanced two levels for taking property of a financial institution. *See* USSG § 2B3.1(a), (b)(1). The PSR also reported that Patterson's codefendant, Jesse Shaw, had hit the bank manager in the face, knocking out teeth, and included a four-level enhancement for "serious bodily injury." *See id.* § 2B3.1(b)(3)(B). With a three-level reduction for acceptance of responsibility, the PSR recommended a total offense level of 23. Combined with Patterson's

Category V criminal history, this offense level yielded a guideline range of 84 to 105 months.

Patterson objected to this analysis based on *Blakely v. Washington*, 542 U.S. 296 (2004), which was decided in June 2004, just two days after his guilty plea. Patterson asked to continue his sentencing hearing until after the Supreme Court issued an opinion in then-pending *Booker*, but the court denied this request and sentenced Patterson on October 15, 2004.

At that hearing, the court heard testimony from the bank manager, describing his injuries, and rejected Patterson's *Blakely* argument that the Guidelines should not apply to his case. Following the calculation set forth in the PSR, the court sentenced Patterson to 105 months in prison, the high end of the guideline range. Although the court recognized Patterson's "commitment to turning around his life," it concluded the sentence was appropriate in light of Patterson's recent, substantial criminal record that reflected "an ongoing level of serious criminal activity." Vol. II, Pg. 23.

## II. Analysis

Patterson claims on appeal that the district court violated the Sixth Amendment by enhancing his sentence under mandatory sentencing guidelines. The Supreme Court in *Booker*, held that the mandatory application of sentencing enhancements under the Guidelines violated a defendant's Sixth Amendment right

to a jury trial. 543 U.S. at 229. Although this situation did not arise in every case, the Supreme Court imposed a sweeping remedy that made the Guidelines advisory in all criminal cases, including those pending on appeal. *Id.* at 268. Subsequent to *Booker*, we, like many other circuits, recognized that defendants on appeal could raise constitutional and nonconstitutional challenges to a sentence based on the mandatory application of the Guidelines. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005).

Because the district court enhanced Patterson's sentence based on facts not found by a jury or admitted in the plea agreement, he raises both constitutional and nonconstitutional claims. With respect to the former, the government responds that Patterson waived his Sixth Amendment right to a jury trial at sentencing when he pled guilty to the offense, so he should not be allowed to raise a Sixth Amendment challenge on appeal. We agree.

We recently held that where a defendant "waive[s], without qualification, [his] right to a jury trial in [his] guilty plea, . . . [he] may not [on appeal] assign as error the failure of the district court to afford [him] a jury determination of facts relevant to sentencing." *United States v. Leach*, 417 F.3d 1099, 1104 (10th Cir. 2005). Here, Patterson waived in writing and in open court his right to a jury

-4-

trial, with a waiver almost identical to the defendant's in *Leach*.[1]  Thus, we must conclude on this authority that Patterson waived his right to have a jury determine sentencing facts under a mandatory guideline scheme.

This conclusion does not end the analysis because the waiver does not include a waiver of Patterson's right to be sentenced under an advisory guideline regime.  The government effectively concedes this argument, responding instead that the error was harmless.  Indeed, where a defendant raised a *Blakely* argument below, as here, we review alleged *Booker* errors for harmlessness.  *United States v. Marshall*, 432 F.3d 1157, 1160 (10th Cir. 2005).  "In non-constitutional harmless error cases, the government bears the burden of demonstrating, by a preponderance of the evidence, that the substantial rights of the defendant were not affected."  *Id.* at 1162 (quotations omitted).  However, "[a]n error with respect to sentencing does not affect substantial rights when it did not affect the

---

[1] In a document captioned Waiver of Jury Trial, Patterson stated:

> I, the undersigned defendant, having been fully advised of the charges against me and of my rights in connection with the charges, do hereby waive those rights, including my right to a trial by jury, and agree to enter a plea of guilty to the court as provided by Rule 11 of the Federal Rules of Criminal Procedure.

Vol. I, Doc. 47.  In a separate Petition to Enter a Plea of Guilty, he acknowledged that he understood he had "the right to a speedy and public trial by jury" and that by pleading guilty he "will be found guilty without a trial and . . . will have given up all of the above rights." Vol. I, Doc. 48, Pg. 2.  The court further confirmed these waivers at the plea hearing.

sentence imposed by the district court." *United States v. Ollson*, 413 F.3d 1119, 1120 (10th Cir. 2005). We have repeatedly held that the government satisfies this burden where the district court sentences at or near the top of the guideline range. *See, e.g., United States v. Paxton*, 422 F.3d 1203, 1207–8 (10th Cir. 2005); *United States v. Riccardi*, 405 F.3d 852, 876 (10th Cir. 2005).

Here, the district court concluded the guideline range was 84 to 105 months. Although it could have imposed a lower sentence, it exercised its discretion to impose the maximum sentence it could: 105 months. Where the judge "exercised his limited discretion under the pre-*Booker* system to give [the defendant] the highest permissible sentence, there is no reason to think the judge would exercise his now-greater discretion to reduce the sentence." *Riccardi*, 405 F.3d at 876. Thus, we conclude that the nonconstitutional *Booker* error in this case was harmless.

**CONCLUSION**

For these reasons, we AFFIRM.

Entered for the court

Timothy M. Tymkovich
Circuit Judge

-6-