**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LUIS ALBERTO ARREVALO-
OLVERA,

      Defendant-Appellant.

No. 06-2291

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-06-0992-WPJ)**

---

Submitted on the briefs:

Margaret A. Katze, Assistant Federal Public Defender, Albuquerque, New Mexico, for defendant-appellant.

David C. Iglesias, United States Attorney; William J. Pflugrath, Assistant United States Attorney, Albuquerque, New Mexico, for plaintiff-appellee.

---

Before **BRISCOE, HOLLOWAY,** and **MURPHY**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

      Luis Alberto Arrevalo-Olvera appeals his sentence of sixty months of

imprisonment for violating 8 U.S.C. §§ 1326(a)(1) and (2), and 8 U.S.C. § 1326(b)(2), reentry of a deported alien previously convicted of an aggravated felony. His sixty-month sentence was within the applicable guideline sentencing range, but was three months above the low end of that range. Arrevalo-Olvera argues that the district court erred by holding that, unless it could first conclude that a sentence within the guideline range would be unreasonable, it would refuse to consider his request for a variance from the applicable guideline sentencing range. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.[1]

## I.

Arrevalo-Olvera is a citizen of Mexico who illegally entered the United States as a young boy. When he was twenty years old, he was convicted in California state court for assault with a deadly weapon and sentenced to a four-year term of imprisonment. After serving his sentence on these charges, he was deported to Mexico on September 13, 2004.

Arrevalo-Olvera returned to the United States without legal authorization and was detained following a traffic stop. After the United States initiated criminal proceedings against him, Arrevalo-Olvera pled guilty to reentry of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a)(1) and (2), and 8 U.S.C. § 1326(b)(2). The probation office prepared a presentence report in advance of

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

sentencing, calculating a guideline sentencing range of fifty-seven to seventy-one months.

Before sentencing, Arrevalo-Olvera filed a sentencing memorandum requesting that the district court either grant a downward departure or grant a variance and sentence him below the applicable guideline range. The United States responded by opposing a sentence below the applicable range. At sentencing, the district court rejected Arrevalo-Olvera's request for a sentence below the applicable guideline range. The district court cited Arrevalo-Olvera's violent criminal history and sentenced him to a term of imprisonment of sixty months, three months above the low end of the applicable sentencing range. In rejecting Arrevalo-Olvera's request for a variance, the district court explained that it believed it could not sentence Arrevalo-Olvera below the applicable guideline range unless it first determined that a sentence within the applicable range would be unreasonable. After concluding that a sentence within the applicable guideline sentencing range would be reasonable, the district court refused to consider Arrevalo-Olvera's request for a sentence below the range.

## II.

The sole issue raised by Arrevalo-Olvera is whether the district court erred in refusing to consider his request for a variance below the applicable guideline range until the district court had first satisfied itself that a sentence within the range would be unreasonable. In United States v. Kristl, 437 F.3d 1050 (10th Cir. 2006) (per curiam), we addressed what scope of appellate review should apply to sentences imposed under the now-advisory Guidelines. We adopted a two-step approach:

-3-

First, we must determine whether the district court considered the applicable Guidelines range, reviewing its legal conclusions de novo and its factual findings for clear error. A non-harmless error in this calculation entitles the defendant to a remand for resentencing. If, however, the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable. The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a).

Id. at 1055. In United States v. Begay, 470 F.3d 964 (10th Cir. 2006), we concluded that it is error for a district court to apply this appellate standard when sentencing. Specifically, we concluded it is error for the district court to refuse to consider a non-guideline sentence unless a guideline sentence would be unreasonable, reasoning that a district court "may impose a non-Guidelines sentence if the sentencing factors set forth in § 3553(a) warrant it, even if a Guidelines sentence might also be reasonable." Id. at 975-76.[2]

---

[2] In Rita v. United States, – U.S. – , 2007 U.S. LEXIS 8269 (2007), the Supreme Court recently held that a federal court of appeals may "presume that a sentence imposed within a properly calculated United States Sentencing Guidelines range is a reasonable sentence." Id. at *7. In so holding, the Supreme Court confirmed our holding in Begay, without explicitly mentioning that decision, that a presumption of reasonableness may attach to a guidelines sentence on *appeal*, but not when the *district court* initially considers what sentence to impose. As the Supreme Court explained,

We repeat that the presumption before us is an *appellate* court presumption. Given our explanation in Booker that appellate "reasonableness" review merely asks whether the trial court abused its discretion, the presumption applies only on appellate review. . . . In determining the merits of [the parties'] arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.

Id. at *23-24 (citations omitted) (emphasis in original).

The district court in the instant case committed a <u>Begay</u> error when it rejected Arrevalo-Olvera's request for a variance because the district court concluded that, "in order for [Arrevalo-Olvera's] sentence to be outside the applicable guideline range, [the district court has] to make a determination that the sentencing guideline range is unreasonable." ROA, Vol. III, at 15. After concluding that a sentence within the guideline range would not be unreasonable, the district court failed to consider whether § 3553(a)'s factors nevertheless warranted a non-guideline sentence. This is the precise approach that we concluded was error in <u>Begay</u>.

We agree with the United States, however, that the district court's <u>Begay</u> error in this case was harmless because the district court exercised its discretion to impose a sentence above the low end of the applicable guideline range. To demonstrate harmless error, the United States must show by a preponderance of the evidence that the district court's <u>Begay</u> error "did not affect the district court's selection of the sentence imposed." <u>United States v. Montgomery</u>, 439 F.3d 1260, 1263 (10th Cir. 2006) (citation and internal quotation marks omitted). Although the district court was mistaken in believing that it did not have discretion to consider a sentence below the guideline range until it first found that a sentence within the range would be unreasonable, the district court clearly recognized that it had discretion to impose any sentence within the applicable range and chose a sentence above the minimum. <u>United States v. Paxton</u>, 422 F.3d 1203, 1207 (10th Cir. 2005) ("When the district court had undoubted discretion to reduce the sentence below what it imposed, its decision not to exercise discretion and impose a

lower sentence renders any nonconstitutional <u>Booker</u> error harmless.") (internal quotation marks omitted), <u>cert.</u> <u>denied</u>, 546 U.S. 1201 (2006).  As a result, "'we have no reason to think that the district court would impose a different sentence on remand.'" <u>United States v. Dowell</u>, 430 F.3d 1100, 1112 (10th Cir. 2005) (quoting <u>Paxton</u>, 422 F.3d at 1207).  The district court's imposition of a sentence above the low end of the guideline range also makes Arrevalo-Olvera's case distinguishable from <u>Begay</u>.  In <u>Begay</u>, we found the same sentencing error was not harmless because the district court imposed a sentence at the bottom of the guideline range.  <u>See</u> <u>Begay</u>, 470 F.3d at 976-77.

In response to the United States' argument that any error was harmless, Arrevalo-Olvera argues that the district court chose a sixty-month term of imprisonment only because the district court wanted to increase the sentence above the minimum allowable to reflect Arrevalo-Olvera's violent criminal history, not because a sixty-month sentence was appropriate in its own right.  According to Arrevalo-Olvera, his sixty-month sentence was the result of the district court's mistaken belief that the minimum allowable sentence was the low end of the guideline range, rather than a reasonable sentence sufficient but not greater than necessary to accomplish the sentencing goals set forth in § 3553(a).  Arrevalo-Olvera argues that had the district court understood the breadth of its discretion, it may well have imposed a sentence <u>below</u> fifty-seven months, even after taking into account Arrevalo-Olvera's violent criminal history.

We rejected a similar argument in <u>United States v. Riccardi</u>, 405 F.3d 852 (10th Cir. 2005), because the 262 month sentence imposed was "'at the high end of the

guideline range . . . .'" Id. at 874. Based on the district court's refusal to use its limited pre-Booker discretion to sentence the defendant to a lesser term of imprisonment, we concluded that "there is no reason to think the judge would exercise his now-greater discretion to reduce the sentence." Id. at 876. Similarly, in the present case, there is no reason to think that the district court would use its post-Booker discretion to lower Arrevalo-Olvera's sentence below sixty months.[3]

AFFIRMED.

---

[3] In concluding there is reason to think the district court would have sentenced Arrevalo-Olvera differently had it properly understood the post-Booker regime, the dissent relies on United States v. Nickl, 427 F.3d 1286 (2005). As the dissent correctly notes, however, the defendant in Nickl was sentenced at the low end of the applicable guideline sentencing range, unlike Arrevalo-Olvera who was sentenced three months above the low end of his applicable guideline sentencing range. Id. at 1302. A further difference is that the district court in Nickl expressly concluded that it lacked discretion to impose a lower sentence, whereas the district court in this case knew it had discretion to impose a sentence as low as fifty-seven months yet selected a sixty-month sentence instead. Id.

*United States v. Arrevalo-Olvera,* No. 06-2291

**HOLLOWAY,** Circuit Judge, dissenting.

I join that portion of the majority opinion holding that the district court erred by refusing to consider Arrevalo-Olvera's request for a variance below the applicable Guideline range until the district court satisfied itself that a sentence within the range would be unreasonable. See, e.g., Majority Op. at 4. However, because we should not guess a defendant into a particular sentence when "[t]here is no concrete indication the district court would impose the same sentence on remand . . .," United States v. Nickl, 427 F.3d 1286, 1302 (10th Cir. 2005) (Murphy, J.), I respectfully dissent. I would reverse the district court's decision and remand for resentencing.

We must reverse and remand for resentencing unless the district court's error was harmless. When a defendant alleges that a non-constitutional Booker error has occurred, as here, the court will review the record as a whole and ask whether the error affected the district court's selection of the sentence imposed. Id. The Government bears the burden to show by a preponderance of the evidence that the error was harmless. Id. The district court's error is not harmless when our review of the record still leaves us unsure whether the district court would impose the same sentence on remand while viewing the Guidelines as advisory. See id.; United States v. Begay, 470 F.3d 964, 977-78 (10th Cir. 2006).

The majority relies on two cases to show that the district court committed harmless error and correctly distinguishes Begay because the district court there imposed a bottom-end guidelines sentence. First, the majority cites United States v. Paxton, 422 F.3d 1203,

1207 (10th Cir. 2005) (quoting United States v. Ollson, 413 F.3d 1119, 1121 (10th Cir. 2005)), for the proposition that "[w]hen 'the district court had undoubted discretion to reduce the sentence below what it imposed,' its decision not to exercise discretion and impose a lower sentence renders any nonconstitutional Booker error harmless." Second, the majority relies on United States v. Riccardi, 405 F.3d 852, 876 (10th Cir. 2005), to reject Arrevalo-Olvera's argument because there the district court committed harmless error because "there [was] no reason to think the judge[, who thought he had limited discretion,] would exercise his now-greater discretion to reduce the sentence."

Combined, these statements do seem to seal Arrevalo-Olvera's fate. But before unquestioningly applying these holdings, we must ask whether there is a reason to think that the district court here would impose a different sentence. There is at least one reason, which was not considered by Paxton or Riccardi. While the majority correctly notes that "the district court clearly recognized that it had discretion to impose any sentence within the applicable range," Majority Op., at 5, the district court's belief that it was bound by the Guidelines range fixed the lens through which the district court viewed the appropriate sentence. Instead of determining the appropriate sentence in light of § 3553(a) factors and Arrevalo-Olvera's arguments for a variance, the court erroneously considered only whether the Guidelines range of 57-71 months' imprisonment was a reasonable range. Thus, once the court found that the Guidelines range was reasonable, it then obligated itself to determine what sentence within the Guidelines was most appropriate for this Defendant. At this point, the court's sentence might reflect its belief

-2-

that Arrevalo-Olvera deserves a sentence of 60 months' imprisonment, instead of 57 months' imprisonment, because the court could contemplate a defendant with the same offense level as Arrevalo-Olvera, but with a less substantial criminal record. Under this interpretation, the district court's analysis essentially devolved into determining where Arrevalo-Olvera fits in the range of sentences that could be meted out to defendants with the same offense level.

It is possible, therefore, that the district court might have thought a different sentence more appropriate had it considered the more expansive range of sentences that could apply here. In other words, fixing the Guideline range as mandatory, without allowing the district court to consider sentences outside of that range, would yield a sentence relative to that range only. This would not permit a sentence relative to what might be a more expansive range that could be equally reasonable. Thus, a sentence of 60 months' imprisonment might seem more appropriate than 55 months' imprisonment when a district court believes it is allowed to consider only a range of 57-71 months. The same might not be true of the 60-month sentence, however, if the district court felt free to consider whether a range of, for example, 50-71 months would be reasonable and appropriate for a defendant with Arrevalo-Olvera's offense level.

There is some evidence that the district court employed this type of analysis. After finding the Guidelines range to be reasonable, the district court explained that "[it] imposed a sentence of 60 months as opposed to the low end of the guidelines range based on the defendant's convictions for violent felony offenses . . . ." Appellant's Opening Br.,

-3-

Appx. B, at 23. While the district court indicated that the Guidelines sentence of 57 to 71 months is reasonable and appropriate, id., we should not speculate whether the district court thought that a sentence below 57 months would be unreasonable or inappropriate given the district court's belief that it could not even consider such a sentence. Although Nickl is analogous to Begay because the district courts in both cases imposed a low-end Guidelines sentence, Nickl remanded for resentencing despite the district court's statement that the sentence imposed was "just" and "fair": "While the district court characterized Nickl's sentence as 'just' and 'fair,' it did not announce explicitly it would impose the same sentence if the guidelines were not mandatory . . . [so we therefore] cannot conclude the district court's error was harmless . . . ." Nickl, 427 F.3d at 1303 (internal citations omitted). The district court's remarks at Arrevalo-Olvera's sentencing hearing simply do not favor an interpretation in either direction, yet the Government bears the burden of proof to show harmlessness.

The possibility that the district court applied this analysis creates a clear problem: because we have no reason to believe that the district court did not apply this framework when sentencing Arrevalo-Olvera, "[t]here is no concrete indication the district court would impose the same sentence on remand, viewing the guidelines as advisory instead of mandatory." Id. at 1302.

The majority and the Government respond by noting one fact that distinguishes this case from Begay: the district court here imposed a sentence three months above the bottom-end of the Guidelines range. The Government makes much of this fact because, it

argues, "[t]he district court did not have to consider a variance below 57 months because that period was considered at the outset and rejected as insufficient" and the court impliedly rejected as insufficient any sentence between 57 and 59 months. Aplee. Br. at 16.

The Government's first argument is factually inaccurate. The district court did not reject a sentence below 57 months as insufficient because, in the district court's view, it had no authority to even consider the sufficiency of such a sentence in light of the reasonableness of the Guidelines range.

The Government's second argument would employ the same precedents that the majority relies upon—precedents holding that there was no reason to think that the district courts in those cases would have acted differently. This panel does not have authority to question the correctness of those precedents. We do, however, have the obligation to determine whether the observation made in Paxton and Riccardi, that giving the district court more discretion would not result in a lower sentence, equally holds true here. Because Arrevalo-Olvera has raised one reason why it might not—a reason not even addressed by Riccardi or Paxton—I would not rely on speculation that the district court would impose the same sentence on remand. To be sure, the same problem might have been present in Riccardi and Paxton. But neither the defendants nor the panels in those cases raised the argument that Arrevalo-Olvera makes here.

The majority might be correct that the district court will impose the same sentence on remand. But such speculation is not justified because of something the district court

-5-

said or did. Although Arrevalo-Olvera might not obtain a lower sentence on remand, that should be for the district court to decide while free of the erroneous belief that it must choose a sentence between 57 and 71 months merely because that range is reasonable.

The Government has not shown by a preponderance of the evidence that this error was harmless. Accordingly, we should reverse the district court's decision and remand for resentencing. I therefore respectfully dissent.