FILED
United States Court of Appeals
Tenth Circuit

February 18, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN SCHILLINGER ALLRED,
aka Shawn Lee Allred,

Defendant - Appellant.

No. 10-4208

(D. Utah)

(D.C. Nos. 2:08-CV-00245-CW and
2:03-CR-01011-DB-1)

---

ORDER DENYING
CERTIFICATE OF APPEALABILITY[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Proceeding *pro se*, Shawn Schillinger Allred, a federal prisoner, seeks a

certificate of appealability ("COA") to enable him to appeal the denial of his 28

---

[*]This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 2255 petition, in which he sought to vacate, set aside or correct his 188-month sentence imposed following his conviction for multiple firearms violations. Because Mr. Allred fails to meet the standards for issuance of a COA, we deny him a COA and dismiss this matter.

## BACKGROUND

Mr. Allred was indicted by a federal grand jury on December 30, 2003, for multiple firearms violations. Following a jury trial, he was convicted on four counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and two counts of possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d)(3). Mr. Allred was sentenced to 188 months' imprisonment, a sentence which we affirmed. United States v. Allred, 218 Fed. Appx. 784 (10th Cir., Feb. 27, 2007) (unpublished).

Mr. Allred subsequently filed the instant § 2255 petition seeking to vacate, set aside or correct his sentence, alleging a host of improprieties, including ineffective assistance of counsel, lack of jurisdiction, and violations of due process and the confrontation clause. The district court denied these claims, with one exception, finding that Mr. Allred could not be compelled, without a hearing, to take mental health medication as a special condition of his supervised relief. The court issued its order on December 3, 2009. It appears from the record, however, that the court never entered a separate judgment pursuant to Fed. R.

Civ. P. 58. See United States v. Torres, 282 F.3d 1241, 1243 n.3 (10th Cir. 2002) ("[I]f Rule 58 is not complied with, the period for filing an appeal will not begin to run."). Accordingly, the time to appeal did not begin to run until 150 days after December 3, 2009, which was May 2, 2010. See Fed. R. Civ. P. 58(c)(2)(B). Mr. Allred thus had sixty days from May 2, 2010 (or until July 1, 2010), to file an appeal. Mr. Allred filed his petition for a COA on May 3, 2010, which we may construe as the functional equivalent of a notice of appeal. See Martin v. Rios, 472 F.3d 1206, 1207 (10th Cir. 2007) (finding that a timely filed motion for a COA may be construed as the functional equivalent of a notice of appeal). Mr. Allred's appeal was therefore timely.[1] The district court dismissed his petition, with the exception of the medication issue. The court then denied Mr. Allred a COA on the ground that his application was untimely (apparently not realizing that no separate judgment had been entered under Rule 58); he accordingly seeks one from us to permit him to appeal.

In his request for a COA from our court, Mr. Allred repeats the many arguments he made before the district court: that his counsel was ineffective; that his right to a speedy trial was violated; that his trial counsel refused to disqualify a biased juror; that the search warrant for the premises where the firearms were found was inadequate; that the trial court erred by admitting hearsay testimony;

[1]We also noted in Torres that "[t]he absence of an appropriate Rule 58 judgment does not deprive this court of jurisdiction or require a remand." Torres, 282 F.3d at 1244.

that the trial court violated his "4th, 5th, 6th, 8th 14th at least" constitutional rights; that the trial court wrongly sentenced him as an armed career criminal under the advisory United States Sentencing Commission, Guidelines Manual ("USSG"); and that he has newly discovered evidence to support his claim of error in sentencing him as an armed career criminal.

## DISCUSSION

A COA may be issued only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). A petitioner may make such a "substantial showing" by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. at 484. Thus, when the district court has ruled on the merits of the petitioner's claims, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

The district court carefully analyzed all of these claims and more, in its lengthy and thorough memorandum decision and order. We accordingly conclude that Mr. Allred has failed to make a "substantial showing of the denial of a constitutional right" for substantially the same reasons as the district court's decision. We do briefly address, however, Mr. Allred's claim about newly discovered evidence revealing an error in his sentence. He purports now to have proof that "at least one, maybe two of the prior 'convictions used' was [sic] in fact dismissed." Appellant's Combined Op. Br. and Appl. for COA at 3. In his direct appeal to our court, Mr. Allred challenged his sentence on similar grounds, He argued that "the district court erred by applying the fifteen-year mandatory minimum sentence contained in 18 U.S.C. § 924(e)(1) for individuals convicted under 18 U.S.C. § 922(g) who have been previously convicted of three or more violent felonies. He argues he has not been convicted of three prior violent felonies." Allred, 218 Fed. Appx. at 785. After acknowledging that he had "two previous violent felony convictions," he challenged a third conviction for "burglary-of-a-dwelling" as being non-violent. We rejected his argument, finding that "[e]ven if Allred's argument had merit, any error in the application of § 924 was harmless because § 924 did not affect Allred's sentence." Id. at 786. This was so because "[t]he judge's reasoning during the sentencing hearing makes clear that Allred would have received the same sentence—188 months—even if the § 924 mandatory minimum of 180 months did not apply." Id. Mr. Allred has

thus already made his argument about his sentence and we have affirmed it.  We will not address it again in this setting.

## CONCLUSION

For the foregoing reasons, we DENY Mr. Allred a COA and DISMISS this matter.  We DENY his request to proceed on appeal *in forma pauperis* and we DENY his other pending motions.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge